UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PILKINGTON NORTH AMERICA, INC.

CIVIL ACTION

VERSUS

ABRAM MITCHELL, D/B/A/ CLEAR AUTO GLASS

NO.: 11-00177-BAJ-RLB

RULING AND ORDER

Before the Court is Plaintiff Pilkington North America, Inc.'s ("Pilkington") **Motion for Summary Judgment (Doc. 16)**, seeking an order from this Court granting summary judgment in its favor against Defendant Abram Mitchell ("Mitchell"), d/b/a/ Clear Auto Glass ("Clear Auto Glass"). Plaintiff asserts that the Defendant is liable to Plaintiff for unpaid purchases on an open account. The motion is opposed. (Doc. 21, Doc. 23.) Oral argument is not necessary. Jurisdiction is proper under 28 U.S.C. § 1332.

I.    **Background**

Pilkington, a national wholesale supplier of glass and glass related products, filed suit on March 22, 2011 against Mitchell as the owner of Clear Auto Glass, a glass repair and replacement company, for alleged breach of contract pursuant to terms of a Credit Agreement. Pilkington alleges that Mitchell and Clear Auto Glass executed a signed Credit Agreement in April of 2008. (Doc. 16-2, at 2.) Mitchell asserts that, prior to April of 2008, he rendered payment to Pilkington for his purchases in the form

of cash or check. However, he does agree that, at some point near April of 2008, he and Pilkington entered into a credit relationship in which he was required to provide a credit/debit card for billing. (Doc. 23, at 1.) Pilkington alleges that Mitchell signed the credit agreement, identifying Clear Auto Glass (Mitchell's unincorporated sole proprietorship) as the customer. (Doc. 16-2, at 2.) Mitchell also acknowledges signing a Credit Agreement with Pilkington. (Doc. 21, at 1.) At some point thereafter, Pilkington alleges that Mitchell received products from May 2008 through February 2011, with each transaction being documented upon delivery of the items. (Doc. 16-2, at 2.) Mitchell's transactions were also entered into Pilkington's computer record as they took place. (*Id.*)

Pilkington claims that Mitchell's unpaid charges went on for two years without notice. Pilkington does not describe in detail the specifics as to why the charges went unnoticed, but it asserts that it made amicable demand to Mitchell for payment before filing suit in March 2011. (Doc. 16-2, at 2-3.)  Pilkington asserts that Mitchell has yet to pay for his purchases and is indebted to Pilkington for the unpaid balance, with an outstanding obligation totaling $454,332.14.[1] (Doc. 16-2, at 2.) Pilkington seeks payment of this balance, as well as costs and attorney's fees. (Doc. 16, at 2.) In the instant motion, Pilkington seeks summary judgment on the basis that Mitchell has breached his Credit Agreement with Pilkington, pursuant to the express terms contained therein. Pilkington also asserts that Mitchell is liable to Pilkington pursuant

---

[1] Pilkington asserts that this amount includes credits for glass products purchased and later returned. (Doc. 16-2, at 2.)

to Louisiana's Open Account Statute, found at Louisiana Revised Statutes 9:2781. Finally, Pilkington asserts that Mitchell is liable for interests, costs, and attorney's fees, also pursuant Louisiana Revised Statute 9:2781.

Mitchell opposes Pilkington's claims and asserts that, while he did sign a Credit Agreement with Pilkington and "should" owe a balance on the products he received, he is not responsible for the entire debt Pilkington claims. (Doc. 23, at 2.) Mitchell asserts (1) that neither he nor Clear Auto Glass created each of the transactions alleged by Pilkington; (2) that his former employees may have ordered products and charged them to Clear Auto Glass's account; and (3) that many of the invoices presented by Pilkington contained illegible signatures on the customer lines, thereby making a determination of who received the product undeterminable. (*Id.*) He further contends that the invoices of his transactions with Pilkington are the best evidence to prove that Clear Auto Glass did not receive all of the products billed to it, and that Pilkington has intentionally failed to produce the invoices to the Court for that reason. (Doc. 23, at 3.) For these reasons, Mitchell asserts that there are genuine issues of material fact which support the motion.

## II.   Standard of Review

Pursuant to the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all

3

reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School District*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If the moving party carries its burden of proof under Rule 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Id.* The court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the court must deny the motion for summary judgment. *International Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits if any, show that

4

there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

## III.  Discussion

The Court concludes that the motion for summary judgment should be granted and judgment rendered in favor of Plaintiff Pilkington North America, Inc. For the reasons cited herein, Defendant Mitchell has not established that a genuine issue of material fact exists as to whether he is liable to Pilkington for the full amount in question on the open account.

Pilkington asserts that summary judgment should be granted in its favor because it is able to show that, pursuant to Louisiana's Open Account Statute, Mitchell is liable to it for the full unpaid debt in question, and that there exists no genuine issue of material fact as to how much that debt totals. In order to be successful on an open account claim, Pilkington asserts that it must prove "1) the creditor must show that an open account existed; and 2) the creditor must submit evidence on the accuracy of the record of the account."[2] (Doc. 16-2, at 8.) Pilkington asserts that it has more than proven the elements necessary to prevail because Mitchell's admissions establish that there was a Credit Agreement, that Mitchell defaulted on the Credit Agreement, and that Mitchell received but did not pay for $454,332.14 worth of merchandise delivered to him as a result of the Credit Agreement. (Doc. 16-2, at 8.) Pilkington further asserts

---

[2] Pilkington directs the Court to La.R.S. 9:2781 and *Metal Coatings, LLC v. Petroquip Energy Derv. LP*, 06-0118 (La. App. 3 Cir. 11/21/07); 970 So.2d 695, 698.

that Mitchell's own deposition and the affidavit of Pilkington's Senior Financial Analyst, Gary Funk, serve as additionally summary judgment evidence. (Doc. 16-2, at 9.) Finally, Pilkington asserts in its reply memorandum that, in his own opposition, Mitchell admits "(1) that he had an agreement with Pilkington to purchase glass and glass related products on open account; and (2) that he has not paid for all of the glass and glass related products that he purchased from Pilkington." (Doc. 40, at 1.)

Mitchell, however, asserts that there are genuine issues of material fact concerning the amount of debt he owes to Pilkington and, therefore, Pilkington cannot meet a crucial element of the Louisiana Open Account Statute. Mitchell does not contest the validity of the Credit Agreement that he signed with Pilkington in April of 2008, and he admits that he entered into a valid Credit Agreement with Pilkington to purchase products on an open account. (Doc. 21, at 1.) Likewise, Mitchell does not contest that he owes Pilkington a sum on the open account. (*Id.*) However, Mitchell directs the Court to Louisiana Revised Statues 9:2781, which provides:

> A. When any person fails to pay an open account within thirty days after the claimant sends written demand therefor **correctly setting forth the amount owed**, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.

(Doc. 23, at 5.) As a result of this statute, Mitchell asserts that, in order to prevail on this claim and receive any recovery on the amount due or attorney's fees, Pilkington must correctly set forth the amount owed on the open account. Yet, Pilkington has failed to produce competent evidence in support of the amount owed in this case. (Doc. 23, at 5.)

Mitchell avers that Pilkington has failed to produce all of the invoices evidencing the amount of debt owed and, as a result, there exists numerous issues of material fact concerning the purchases. Mitchell asserts that, at the time he was purchasing glass and glass related products from Pilkington, he had several former employees who were making purchases from Clear Auto Glass's account, without his permission. He also asserts that because of Pilkington's internal billing problems, Pilkington was not properly billing all of its clients, thereby placing all invoices billed to Clear Auto Glass in question. Further, Mitchell asserts that select invoices contained illegible signatures and therefore the person who signed for the items can be someone not authorized to order on behalf of Clear Auto Glass. Thus, Mitchell asserts that there is no proof Clear Auto Glass actually received the items. Pursuant to the "best evidence" rule, Mitchell urges the Court to deny the instant motion and require Pilkington to produce the original invoices from the transactions. Finally, Mitchell asserts that he should be allowed to amend any admissions made prior to this motion.

After a review of the record and the applicable law, the Court finds Mitchell's contentions to be unavailing. Moreover, the Court is satisfied that Pilkington has sufficiently shown that Mitchell and Clear Auto Glass are liable for the full amount of

debt owed pursuant to Louisiana Revised Statutes 9:2781. Consistent with the prevailing Louisiana law, Pilkington has met both elements necessary to prevail on a claim under Louisiana's Open Account Statute.[3]

Concerning the first element of the statute, the parties agree that there existed a valid Credit Agreement between them and that, at the very least, Mitchell owes a balance on the open account. (Doc. 21, at 1, Doc. 23, at 2, Doc. 40, at 1.) As evidence of the agreement, Pilkington has produced a signed copy of the Credit Agreement. (Doc. 16-2, at 22.) As such, these stipulations of fact and accompanying documentary evidence establish that an open account existed, pursuant to the statute, and Pilkington has satisfied the first element.

However, Mitchell does not agree that Pilkington has satisfied the second element necessary to prevail under the statute, because Pilkington cannot establish the accuracy of the amount that is owed on the account. The Court disagrees and finds that Pilkington has provided sufficient proof as to the amount owed on the account. Pilkington has produced a detailed transaction log concerning all of the transactions in question. *See* Doc. 16-2, at 23-428. The transaction log, in pertinent part, presents the sales location number, the invoice credit number, the invoice credit date, the serial numbers,[4] the units shipped, and the amount of the product in dollars. Moreover, the

---

[3] See *Metal Coatings, LLC v. Petroquip Energy Dev. LP*, 970 So. 2d at 698. The court also held that "[o]nce a prima facie case has been established by the creditor, the burden shifts to the debtor to prove the inaccuracy of the account or to prove the debtor is entitled to certain credits." (*Id.*) (citations omitted).

[4] The actual transaction log titles the numbers as the "LI Nags Number." After reviewing the document, the Court determines that this number appears to be a serial designation for the items

log also appears to list transactions that Mitchell received credit for, presumably upon an item's return. In addition, Pilkington has also produced an affidavit from a Senior Financial Analyst of the company, who attests to the accuracy of the log presented.

Mitchell, however has produced absolutely nothing to the Court, outside of a mere general denial of the amount owed on the account. Mitchell urges the Court to deny the instant motion and require Pilkington to produce the original invoices to the Court, so that Pilkington can provide detailed proof of the items delivered. Yet, *he* has not produced a single invoice. Mitchell has provided no receipts to the Court concerning any of his transactions with Pilkington, nor has he indicated that any such proof of payments exists and will be offered at trial. In fact, the only documents that Mitchell has provided to the Court are his own deposition, his sworn affidavit, the deposition of his wife, and the deposition of Pilkington's Operation Supervisor. None of these documents, however, provide the Court with any evidence concerning the amount in question on the open account.

Mitchell also urges the Court to deny the motion because there is a chance that his former employees were ordering glass without his permission from Clear Auto Glass's account, and because some invoices contain illegible signatures which make determining who received the products indeterminable. (Doc. 23, at 2.) Besides lacking merit, neither issue is sufficient to defeat this motion, as Mitchell has not produced any evidence that would allow the Court to take either defense seriously. Concerning the

_____

delivered.

former employees, there is absolutely no evidence to support Mitchell's blanket assertion that Pilkington had "loose authorization procedures," and that anyone could order from the account. (Doc. 23, at 2.) In fact, when prompted to provide names of employees who he thought would order without permission, Mitchell could not provide any with certainty. (Doc. 40-1, at 7-8.) Without any factual or legal support, the Court must conclude that this defense lacks merit.

Concerning the illegible signatures, again, the Court must conclude that this defense lacks merit. Mitchell has  identified the deposition of Pilkington's Operations Supervisor, Sean Hartdegen, as evidence of this defense. Mitchell asserts that Hartdegen testified it was Pilkington's policy to always get a printed name as well as a signed name on the invoice, but that it was not always done. (Doc. 23, at 8.) Mitchell, therefore, asserts that this is proof of Pilkington's questionable practices because there is no proof of delivery for some of the invoices. Yet, Mitchell has not identified or provided to the Court the invoices that may contain the illegible signatures, nor has he presented the Court with any specific names that would allow inquiry into the illegible invoice signatures. As such, the Court finds that there is no supportable evidence for this defense.

The Court concludes that Mitchell has produced absolutely nothing, other than a mere general denial, showing that there is a genuine dispute as to how much is owed on the open account. Consequently, Pilkington has provided sufficient proof of the amount owed on the account. Moreover, the evidence shows that, even if Mitchell had concerns about the amount owed on the account, he failed to take advantage of every

10

opportunity to review the invoices presented by Pilkington and to make inquiry into any specific transactions because he failed to engage in the discovery process, despite being provided numerous opportunities to do so. Even more damaging, Mitchell has failed to produce any receipts, documents, or written evidence of his transactions with Pilkington to support his position. When asked in his deposition if he kept any of the documents from his transactions with Pilkington, Mitchell responded, "I don't keep the receipts because my CPA doesn't need that, so it – I never kept it. It's just trash and it's just a waste of time for me to keep invoices, so I never was big on keeping my glass bill invoices. Never." (Doc. 40-1, at 3.) The Court can only conclude that Mitchell has assumed the risk that, in the event of a billing dispute, he would be unable to show that he did not receive products for which he may have been improperly billed. He has willingly placed himself in this position by engaging in sloppy business practices. Mitchell has presented the Court with nothing more than a mere denial of the allegations against him, and such is not enough to defeat summary judgment.

Beyond failing to provide credible evidence disputing his debt, Mitchell continually failed to timely answer interrogatories presented to him. Even after being provided additional time to respond, Mitchell failed to comply. Finally, he asked the Court to grant him leave to amend his incorrect or incomplete responses (Doc. 24), but the Court denied this motion on the grounds that Mitchell provided no good grounds to justify his request. (Doc. 33.) It is evident that Mitchell, despite repeated opportunities, has failed to produce credible evidence to support his opposition.

Although the Court is to consider the full record in ruling on a motion for

11

summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment." *Durham School Services, L.P. v. Sojourner Truth Academy*, 2012 WL 2133672 at *3 (citing *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir.2003)). The Court has repeatedly attempted to give Mitchell opportunities to provide credible evidence to support his defense but, given his refusal to participate in the discovery process, he has failed to do so. Pilkington has provided unrebuttable evidence to support its claim, including transaction documents, a signed Credit Agreement, and an affidavit. Thus, the Court concludes that there is no genuine issue of material fact present under these circumstances, and summary judgment is granted for Pilkington.

## IV.   Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff Pilkington North America, Inc.'s ("Pilkington") **Motion for Summary Judgment (Doc. 16)** is **GRANTED**.

**IT IS FURTHER ORDERED** that **JUDGMENT** is also **ENTERED** herein against Defendant Abram Mitchell d/b/a Clear Auto Glass for the full and true amount of $454,332.14, plus interest at the current judicial interest rate of 0.14% per annum from the date of entry of this Order until paid, *see* 28 U.S.C. § 1961(a).

**IT IS FURTHER ORDERED** that **JUDGMENT** is also **ENTERED** herein against Defendant Abram Mitchell d/b/a Clear Auto Glass for all costs incurred by Plaintiff in these proceedings.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Attorney's Fees is **DENIED, without prejudice**, to refile the motion in accordance with the prevailing law.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion and Incorporated Memorandum to Return Motion for Summary Judgment to Docket (Doc. 35)** is **DENIED** as moot.

Baton Rouge, Louisiana, this _31st_ day of March, 2014.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**